UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BON SECOURS HEALTH SYSTEMS, INC., Administrator of BON SECOURS HEALTH SYSTEM, INC. MEDICAL PLAN, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 04 C 5142 |
| MICHAEL COULTHURST, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the parties' cross-motions for summary judgment. For the reasons set forth below, the Plaintiff's motion is granted and the Defendant's motion is denied.

### BACKGROUND

On July 20, 2003, Defendant Michael Coulthurst ("Coulthurst") and his wife Naneen Coulthurst were involved in an auto collision. As a result of the collision, Coulthurst sustained physical injuries and his wife was killed. At the time, Coulthurst's wife was an employee of the Plaintiff, Bon Secours Health System, Inc. ("Bon Secours"). Bon Secours is the Administrator of the Bon Secours Health System,

Inc. Medical Plan (the "Plan"). The Plan provides medical benefits for Bon Secours employees and their dependants. As Coulthurst was a covered dependant under the Plan, Bon Secours paid medical expenses totaling $27,948.91 for Coulthurst's July 20 injuries. On October 7, 2003, in accordance with the terms and conditions of the Plan, Coulthurst executed a Reimbursement Agreement (the "Reimbursement Agreement"). In the Reimbursement Agreement, Coulthurst agreed to reimburse and pay the Plan an amount not exceeding the aggregate amount of benefits paid or to be paid to Coulthurst by the Plan. The agreement further provided that any reimbursement or payment would be made out of Coulthurst's potential settlements, judgments, or other proceeds received.

Coulthurst pursued personal injury claims stemming from the auto collision against an alleged third-party tortfeasor and an uninsured motorist claim against Allstate Insurance Company ("Allstate"), his automobile insurance carrier. On November 24, 2003, the attorney representing Coulthurst in his personal injury claims advised the Plan's attorneys that Coulthurst had reached a settlement of his claim against Allstate and that Coulthurst's attorney was holding settlement funds in his trust accounts in the amount of $100,000 from the settlement. These funds were subsequently released to Coulthurst. To date, Bon Secours has not received any reimbursement funds.

Bon Secours claims that pursuant to the terms of the Plan, an Employee Welfare Benefit Plan within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*, and the provisions of the Reimbursement Agreement Coulthurst signed, it is entitled to a portion of the Allstate settlement proceeds. Bon Secours requests that we impose a constructive trust.

Coulthurst, responding pro se, states that this court does not have jurisdiction to hear the present matter, that venue is improper, and that he is entitled to summary judgment as Bon Secours is not entitled to any of the settlement proceeds. We address each of the parties' arguments in turn.

## LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). In seeking a grant of summary judgment the moving party must identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving

party's case." Celotex, 477 U.S. at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); rather, "[a] genuine issue exists when the evidence is such that a reasonable jury could find for the non-movant." Buscaglia v. United States, 25 F.3d 530, 534 (7th Cir. 1994). When reviewing the record we must draw all reasonable inferences in favor of the non-movant; however, "we are not required to draw every conceivable inference from the record–only those inferences that are reasonable." Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991).

When parties file cross motions for summary judgment, each motion must be assessed independently, and denial of one does not necessitate the grant of the other. M. Snower & Co. v. United States, 140 F.2d 367, 369 (7th Cir. 1944). Rather, each motion evidences only that the movant believes it is entitled to judgment as a matter of law on the issues within its motion and that trial is the appropriate course of action if the court disagrees with that assessment. Miller v. LeSea Broadcasting, Inc., 87 F.3d

224, 230 (7th Cir. 1996). With these principles in mind, we turn to the parties' motions.

## DISCUSSION

We begin our discussion by addressing Coulthurst's argument that this court lacks subject matter jurisdiction to hear the present dispute. This argument is without merit as subject matter jurisdiction is satisfied because the constructive trust Bon Secours seeks constitutes the equitable relief that is well-recognized as supporting federal court jurisdiction in ERISA actions.

Under 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." A case arises under the laws of the United States within the meaning of Section 1331 only when the claim for relief depends in some way on federal law as stated in a well-pleaded complaint, "unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." Administrative Committee of the Wal-Mart Stores, Inc. Associates Health and Welfare Plan v. Varco, 338 F.3d 680, 686 (7th Cir. 2003). Section 502 of ERISA authorizes a civil action "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates . . . the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of . . . the terms of the plan." 29 U.S.C. § 1132(a)(3).

In discussing the difference between claims for legal and equitable restitution, the Supreme Court has explained that a claim is equitable when a defendant possesses the property sought by a plan. See Great-West Life & Annuity Insurance Co. v. Knudson, 534 U.S. 204, 213 (2001). The Seventh Circuit has held that a suit to impose a constructive trust is an equitable claim such that a federal court possesses subject matter jurisdiction. See Wal-Mart Stores, Inc. Associates' Health and Welfare Plan v. Wells, 213 F.3d 398 (7th Cir. 2000); see also Varco, 338 F.3d at 687.

Here, the relief Bon Secours seeks, a constructive trust over identifiable funds, is an equitable claim over which this court has subject matter jurisdiction in accordance with Great-West, Wells, and Varco. Therefore, Coulthurst's objection to this court's jurisdiction is without merit.

Next, we address Coulthurst's contention that venue in the Northern District of Illinois is improper.[1] Coulthurst's venue objection fails as his reliance on 28 U.S.C. § 1391(b) is misplaced. In the federal system, venue is prescribed by statute. 32 Am. Jurisprudence 2d, Federal Practice § 174. While the general venue provisions of federal courts are governed by 28 U.S.C. § 1391, in a case brought under ERISA, venue is controlled by the provisions of 29 U.S.C. § 1132(e)(2). Waeltz v. Delta Pilots

---

[1] We note that on October 29, 2004, Coulthurst answered Bon Secours' complaint. In his answer, Coulthurst admitted various allegations of the complaint, denied others, and first raised the argument that both jurisdiction and venue are improper in this court.

Retirement Plan, 301 F.3d 804, 806 (7th Cir. 2002). Under § 1132(e)(2), venue is proper "where the plan is administered." Id.

In the present case, Coulthurst has admitted paragraphs one through twenty-one of Bon Secours' Local Rule 56.1(a)(3) statement of uncontested material facts. Thus, the parties agree that Benesight, Inc. ("Benesight"), a corporation both licensed to do business in Illinois and doing business in Schaumburg and Rockford Illinois, is the Plan's claim administrator. Further, Bon Secours contends that Benesight participated in the Plan's administration through its administration of medical benefits claims of Coulthurst and others as the Plan's third-party administrator from July 2003 through December 31, 2004. In addition, Bon Secours claims that Benesight employees corresponded with Coulthurst and his attorney, arranged for payment of his medical expenses, and obtained Coulthurst's execution of the October 7, 2003 Reimbursement Agreement at Benesight's Illinois offices. Therefore, venue is proper in this court. As subject matter jurisdiction and proper venue have been established, we turn to the substance of the parties' respective summary judgement motions.

In determining an ERISA plan's right to reimbursement, courts look to the plain language of ERISA-regulated plans. Health Costs Controls v. Rogers, 909 F. Supp. 537, 541 (7th Cir. 1994). Courts construe the contractual terms under federal common

law rules of contract interpretation and give unambiguous language its plain and ordinary meaning. Id.

Here, analysis of the Plan's various provisions leads to only one reasonable conclusion; once Coulthurst received settlement funds from Allstate, he was obligated to repay the funds that Bon Secours initially paid on his behalf. The Plan in effect on July 20, 2003 provides, in pertinent part:

> a. <u>Plan's Entitlement to Reimbursement from Recoveries.</u>
>
> The Plan does not cover expenses for services or supplied which another entity is required to pay because of a negligent or wrongful act or which provides coverage for the same incident. The Plan may, however, in its sole discretion, advance payments on account of the Plan benefits, subject to the Plan's right to be reimbursed to the full extent of any advance payments from a Covered Person if and when there is any payment from another source.

The Plan further provides:

> d. <u>Cooperation with the Plan by All Covered Individuals.</u>
>
> By accepting an advance payment, regardless of whether or not a subrogation agreement has been executed, the Covered Person will be deemed to have agreed to:
>
> > 1. reimburse the Plan for all amounts paid or payable to the Covered Person from any other source for the entire amount of any advance payment . . ..

> The Covered Person will further be deemed to have agreed that if he or she recovers funds and does not repay the Plan within fourteen days after the actual or constructive receipt of such funds, the Plan will have the right to bring a cause of action against the Covered Person for the return of such funds . . ..

The Plan also provides:

> b. <u>Plan's Equitable Right.</u>
>
> By accepting payment for, or receiving the benefit of, medical or other expenses covered by the Plan, the Covered Person will be deemed to have agreed that the Plan immediately acquired a first superior equitable right, title, and interest in the proceeds of any recovery the Covered Person may secure on any claim which the Covered Person may have against any other person or entity ... In order to protect such equitable right, title, and interest, the Plan will have the right to seek and obtain the imposition of a constructive trust upon the proceeds, to the extent of the advance payments made to or on behalf of the Covered Person by the Plan . . ..

These Plan provisions explicitly and unambiguously entitle Bon Secours to reimbursement. Coulthurst has admitted that he accepted advance payments from Bon Secours in the amount of $27,948.91 for payment of medical expenses resulting from the July 20, 2003 auto accident. Coulthurst further admits that he received payment from Allstate in the amount of $100,000.00 in settlement of his claims arising from the accident and that he retains possession of the funds in the amount of the advance payment. The parties do not dispute the veracity of any of the abovementioned facts.

Nonetheless, Coulthurst claims that Bon Secours is not entitled to any settlement funds, but rather, that he is entitled to summary judgement. Coulthurst relies upon what he views as a deficiency in the Reimbursement Agreement he signed on October 7, 2003 to support his contention. The Reimbursement Agreement provides:

> In accordance with the right of recovery provisions of your Employee Benefit Plan provided by Bon Secours, the undersigned on his or her own behalf and on behalf of any covered persons under said Plan hereby agrees to reimburse and pay promptly to the Plan an amount not exceeding the aggregate amount of benefits paid or to be paid to me or on my behalf, and agree that said payment shall be based upon the terms and conditions of the Plan Document, said payment to be made as a result of an injury sustained on or about <u>month day, year.</u>
>
> The undersigned additionally agrees to comply with all of the remaining terms and conditions of the Plan in effect at the time of the accident.

Coulthurst argues that the Reimbursement Agreement does not explicitly indicate the date of injury for which payments were made. He claims that the Reimbursement Agreement is somehow deficient because it states that medical payments that require reimbursement include payments that were "made as a result of an injury sustained on or about <u>month day, year.</u>" This argument is unconvincing.

While the Reimbursement Agreement does not contain the specific date of the injury for which payments were made, that alone does not render Bon Secours' right to reimbursement invalid. The Reimbursement Agreement explicitly references the

terms and conditions of the Plan Document, thereby incorporating the Plan's provisions. It is unreasonable for Coulthurst to argue that the mere absence of a date on the face of the Reimbursement Agreement nullifies his obligations under the Plan in its entirety. Reasonable minds cannot dispute the Plan's right to reimbursement or that the $27,948.91 Bon Secours paid Coulthurst represented payment for medical expenses stemming from the July 20, 2003 occurrence.

In sum, we find that there exists no genuine issue of material fact as to (1) the terms of the Plan, (2) the Plan's payment and Coulthurst's receipt of payments, (3) Coulthurst's later receipt of payment from another source, or (4) Coulthurst's wrongful possession of funds. Reasonable minds cannot dispute that, pursuant to the terms of the Plan and the provisions of the Reimbursement Agreement Coulthurst signed, Bon Secours is entitled to a portion of the Allstate settlement representing the amount Bon Secours paid on behalf of Coulthurst. We accordingly grant summary judgement in Bon Secours' favor.

## CONCLUSION

Based on the foregoing analysis, Bon Secours' motion for summary judgment is granted and Coulthurst's motion for summary judgment is denied. Funds in Coulthurst's possession in the amount of $27,948.91 shall be held in constructive trust

for Bon Secours and Coulthurst is responsible for making restitution to Bon Secours in that amount.

_Charles P. Kocoras_
Charles P. Kocoras
Chief Judge
United States District Court

Dated:     June 28, 2005